UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60184-RKA

UNITED STATES OF AMERICA

        Plaintiff,

VS.

SANDRA SHEA and SAMANTHA JOHNSON,

        Defendant.

_____/

**OPPOSITION TO GOVERNMENT'S MOTION TO
ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)(2)**

Sandra Shea and Samantha Johnson, the defendants, through undersigned counsel, respectfully submit this Opposition to the government's Motion to Admit Evidence Pursuant to Federal Rule of Evidence 404(b)(2) ("Government's Motion") [Dkt. #25]. The government seeks to admit at trial evidence of the Mrs. Johnson's prior felony convictions along with other evidence of allegations and suggestions of uncharged misconduct of the co-defendants. This evidence is not relevant to the charged offenses, is not admissible under Rule 404(b), and should be excluded as more prejudicial than probative under Federal Rule of Evidence 403. Furthermore, the uncharged conduct is not intrinsic, is purely propensity evidence and analysis under 404(b) should not be circumvented. For these reasons, as set below, the Court should deny the government's motion.[1]

---

[1] In response to the government's motion, counsel addresses only the government's argument that the content of this evidence is admissible under Rule 404(b). Counsel does not address, and defendants do not waive, any objection to the foundational requirements for the admission of this evidence or any other objection to the admission of this evidence at trial. The co-defendants reserve their right to make any such evidentiary objections based on the government's presentation at trial.

1

**Background**

Defendants Shea and Johnson are charged in a ten-count indictment with one count of Conspiracy to Wrongfully Disclose Individually Identifiable Health Information, in violation of 18 U.S.C. § 371 and nine counts of Wrongful Disclosure of Individually Identifiable Health Information, in violation of 42 U.S.C. § 1329d-6(a) and (b)(3)). The government's motion sets forth its factual allegations. In short: Count One is based on allegations that between January of 2012 and June 30, 2016, the co-defendants conspired to obtain and disclose individually identifiable health information for a commercial advantage and personal gain. Counts Two through 10 are based on allegations that the co-defendants knowingly did what they were alleged to have conspired to do in Count One.

In addition to proof of these allegations, the government now seeks to admit at trial Johnson's prior guilty pleas in two 2004 real estate fraud cases, 04-60200-CR-MARRA and 04-60217-CR-MARRA. The government also now seeks to admit at trial what they describe as the co-defendants' intrinsically intertwined uncharged real estate fraud, specifically evidence of four real estate properties that were purchased around the same time as the conspiracy charged in the instant case, but which fell outside the five-year Statute of Limitations period at the time this Indictment was filed.[2]

The proposed evidence is not admissible. It is not relevant, not related to an issue other

---

[2] For statutes such as 18 U.S.C. § 371, which require an overt act in furtherance of the conspiracy, the statute of limitations begins to run on the date of the last overt act and lasts five years. *United States v. Butler*, 792 F.2d 1528 (11th Cir. 1986). The latest of the overt acts the new uncharged fraudulent real estate transactions alleged by the government in their Motion in Limine occurred on May 18, 2016. The instant Indictment was filed on June 29, 2021, more than five years later.

than propensity, and is more prejudicial than probative.

## Argument

Under Rule 404(b), "other acts" evidence "is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).[3] The purpose of the government's Motion is to prove the co-defendants' character in conformity with the charged conduct in this case so they may argue it is more likely the co-defendants committed these offenses in light of Mrs. Johnson's previous convictions and what the government argues is inextricably intertwined uncharged conduct.

### I. SAMANTHA JOHNSON'S 2004 CONVICTIONS

Samantha Johnson's 2004 convictions are categorically different than the instant charges and their introduction at trial will not aid the trier of fact in understanding the co-defendants' intent in this case. The government only seeks to introduce the prior convictions to suggest Mrs. Johnson has the propensity to commit real estate fraud. The prior convictions did not involve Mrs. Johnson obtaining and disclosing protected, individually identifiable health information, as is alleged in the instant case. Instead, those cases involved the use of "false quit claim deeds, false liens and

---

[3] Rule 404(b) provides in full:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other proposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 4040(b)

fraudulent notary public stamps" for financial gain in real estate. Government Motion at 3.

### 1. The Prior Convictions Are Not Relevant

Rule 404(b) is inherently a rule of exclusion:

> Rule 404(b) is a rule of general exclusion, and carries with it "no presumption of admissibility." The Rule reflects the revered and longstanding policy that, under our system of justice, an accused is tried for *what* he did, not *who* he is. And in recognition that prior offense evidence is generally more prejudicial than probative, Rule 404(b) directs that evidence of prior bad acts to be excluded—unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose.

*United States v. Caldwell*, 760 F.3d 267, 275 (3d Cir. 2014) (emphasis added).

The evidence of Mrs. Johnson's prior convictions is not admissible for any non-propensity purpose, even when considered through the lens of a rule of inclusion. Mrs. Johnson's prior convictions are not "central to the prosecution's case" and thus should be excluded as such exclusion would not have been done "lightly." *United States v. Smith*, 741 F.3d 1211, 1225 (11th Cir. 2013). The government's basis for admission is to prove that the Mrs. Johnson acted with the requisite intent, but the jury can judge the defendant's intent without this prejudicial introduction of her prior convictions on unrelated and irrelevant charges.

Moreover, the prior convictions rely on a propensity inference in this case, and "the proponent must set forth 'a chain of logical inferences, no link of which can be the inference that because the defendant committed . . . offenses before, [s]he therefore is more likely to have committed this one.'" *United States v. Smith*, 725 F.3d 340, 342 (3d Cir. 2013) (quoting *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992). Here, the government cannot introduce the evidence of the Mrs. Johnson's prior convictions without suggesting that she has a proclivity to commit real estate fraud, making the evidence more likely to show propensity.

4

> It is difficult to argue that a person had an intention to do something on a particular occasion because he or she demonstrated that intention previously without implicitly suggesting that the person has a proclivity towards that intent . . . . If the inferential chain must run through the defendant's character—and his or her predisposition towards a criminal intent—the evidence is squarely on the propensity side of the elusive line. Where, on the other hand, an inference can be drawn that says nothing about the defendant's character—for example, based on the "improbability of coincidence"—the evidence is more appropriately admissible for non-propensity purposes.

*United States v. Matthews*, 431 F.3d 1296, 1313 n.1 (11th Cir. 2005) (Tjoflat, J., concurring in the judgment). The prior convictions cannot be introduced without a propensity inference and are not central to the government's case, thus they should be excluded.

### 2. Evidence of Intent Should Not Get a Free Pass to Admission

Should the court find the prior convictions relevant, the court should nonetheless prohibit the prosecution from admitting evidence of the other crimes until it is apparent the co-defendants are actively contesting the element of a mental state. *See United States v. Hall*, 858 F.3d 254, 263 (4th Cir. 2017). It is wrong that by simply "denying guilt of an offense with a knowledge-based *mens rea*, a defendant opens the door to admissibility of prior convictions of the same crime…" *United States v. Caldwell*, 760 F.3d 267, 283 (3d Cir. 2014). Even for specific intent crimes, a not guilty plea should not open the door to prior bad act evidence by virtue of the simple fact that the defendant did not immediately plead guilty.

The government's Motion rests on the premise that the simple entry of a not guilty plea puts intent at issue in a defendant's trial, placing some unique burden upon the government. *See United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998). This rationale, however, inherently fails under Rule 403 by treating the probative nature of the evidence as a given, when in reality it is probative of nothing while being extremely prejudicial to the co-defendants. "[E]vidence tending

5

to prove intent becomes more probative, when the defense actually works to deny intent, joining the issue by contesting it . . . . [I]f merely denying guilt opens the door wide to prior convictions for the same crime, nothing is left of the Rule 404(b) prohibition." *United States v. Miller*, 673 F.3d 688, 697-698 (7th Cir. 2012). The probative value of a prior bad act cannot be fairly articulated under the guise of intent before that mental state is actively disputed by a defendant in trial.

"[T]he degree to which the nonpropensity issue actually is disputed in the case will affect the probative value of the other-act evidence." *United States v. Gomez*, 763 F.3d 845, 857 (7th Cir. 2014) (en banc). "One important issue in Rule 403 balancing in this context is the extent to which the non-propensity factual proposition actually is contested in the case." *Id*. It is well-settled that in the Eleventh Circuit, when a defendant enters a not guilty plea, 404(b) evidence is presumed to be admissible for purposes of proving intent. *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998). But even with specific-intent crimes, introduction of prior bad acts evidence should not be automatic and should instead be excluded when such evidence relies on a propensity inference, as it does here.

      **3. Any Probative Value is Substantially Outweighed by Prejudice to the Co-defendants**

The issue in this case is whether the co-defendants intended to, and actually did, obtain and disclose protected individually identifiable health information for financial gain. The introduction of Mrs. Johnson's prior convictions for Wire Fraud, Mail Fraud and Money Laundering, as moved for by the government, is not probative and will not help the jury understand the defendant's state of mind. It will, however, prejudice the co-defendants significantly. As a result, the jury will come to believe Mrs. Johnson has a propensity to commit these types of crimes. The prejudice will be

so significant, any probative value will be substantially outweighed by prejudice to the co-defendants. Accordingly, it must be excluded.

## II. THE UNCHARGED CONDUCT

The uncharged conduct is not intrinsically intertwined and is unquestionably dissimilar to the charges in the indictment. The only similarity is that the uncharged conduct occurred around the same time as the conduct in the indictment. The uncharged conduct does not involve instances of unlawfully obtained and disclosed individually identifiable health information for commercial advantage. It does not involve hospital records or patient files. Conduct that is so different from the charges in the instant case cannot be found to be intrinsically intertwined.

The uncharged conduct would be used purely as propensity evidence if the court were to allow its admission. The uncharged conduct is specifically uncharged because it fell outside the Statute of Limitations and could not be charged as part of the instant indictment. The government now seeks to bootstrap the uncharged conduct to this case as intrinsic evidence so they may circumvent a 404(b) analysis. Allowing such a circumvention would result in the introduction into the trial of prejudicial propensity evidence without scrutiny. The court should instead adopt the same 404(b) analysis from above and exclude the evidence as irrelevant. The probative value of the evidence of the uncharged conduct would be substantially outweighed by prejudice to the co-defendants in any event.

This evidence is more prejudicial than probative, is only being offered as propensity evidence and is not intrinsic to the charges in the indictment. Thus, the uncharged conduct should not circumvent a 404(b) analysis as it is only being offered as propensity evidence and for no other actual purpose.

WHEREFORE, undersigned counsel respectfully requests that this Honorable Court deny the government's Motion to Admit Evidence Pursuant to Federal Rule of Evidence 404(b)(2).

Respectfully submitted,

/s/ Bradley Horenstein
Florida Bar Number 96000
Brad@thehorensteinfirm.com
THE HORENSTEIN FIRM, P.A.
40 NW 3RD Street, PH 1
Miami, FL 33128
Tel: (786) 444-2723

*Attorney for Samantha Johnson*


/s/ William Barzee
Florida Bar Number 158720
Williambarzee@barzeeflores.com
BARZEE FLORES, LLP
40 NW 3RD Street, PH 1
Miami, FL 33128
Tel: (305) 374-3998
Fax: (305) 374-3985

*Attorney for Sandra Shea*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on the 22nd day of October 2021 and served on all appropriate parties through that system.